[No. 28095. Department Two. March 10, 1941.]

ANNA WEINHEIMER, as *Administratrix, Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Appellants.*[1]

The Attorney General, *T. H. Little* and *Edw. S. Franklin, Assistants,* for appellant Department of Labor and Industries.

*L. B. Donley,* for appellant Weyerhaeuser Timber Company.

*F. L. Morgan* and *A. P. Wilson,* for respondent.

[1]Reported in 111 P. (2d) 221.

MILLARD, J.—While in the course of hazardous employment as a logger March 5, 1935, Roy Weinheimer "slipped and fell backward hitting against a log" thereby injuring his back. He was paid time loss and given medical treatment until December 4, 1937, when the department of labor and industries closed his claim and classified him as permanently partially disabled. He was awarded forty-eight degrees permanent partial disability, or $1,440, which is sixty per cent of the maximum award for unspecified permanent partial disability under the provisions of Rem. Rev. Stat., § 7679 [P. C. § 3472] (f). Weinheimer requested that his claim be closed with the understanding that he felt that his condition was stationary, and that he had the ability, if he could get a store or some business of his own, to carry on a gainful occupation.

During the course of his treatment and compensation, physicians found that the claimant had certain congenital abnormalities of the spine in addition to an arthritic condition of the spine. However, in closing his claim December 4, 1937, the department did not make any segregation for a preexisting congenital abnormality nor for a preexisting disease of arthritis under provisions of Rem. Rev. Stat., § 7679 [P. C. § 3472], but compensated him to the full extent of his injury of March 5, 1935.

The claimant appealed January 18, 1938, to the joint board from the order closing his claim December 4, 1937. After a series of extended hearings, the joint board entered an order October 28, 1938, sustaining the closing of the claim by the supervisor. The claimant appealed to the superior court for Grays Harbor county. Trial of the cause to that court, sitting without a jury, resulted in reversal of the order of the joint board and entry of judgment that the claimant is permanently totally disabled. From that judgment, the

department of labor and industries and the claimant's employer appealed. Claimant died subsequent to the appeal, and the administratrix of his estate has been substituted as respondent.

■ In all court proceedings under, or pursuant to, the workmen's compensation act, the decision of the department shall be *prima facie* correct and the burden of proof is upon the party attacking the decision. Rem. Rev. Stat., § 7697 [P. C. § 3488]; *Schraum v. Department of Labor & Industries,* 197 Wash. 336, 85 P. (2d) 262; *McLaren v. Department of Labor & Industries,* 6 Wn. (2d) 164, 107 P. (2d) 230.

■ That the claimant failed to sustain the burden of proof imposed upon him by the statute, is clear from a review, as follows, of the evidence:

Following the granting of the claimant's application for rehearing February 9, 1938, the testimony of claimant taken March 16, 1938, was to the effect that, since his examination November 13, 1937, by Dr. Leavitt, he was unable to do any work as a logger; that he was totally disabled, and that he had been paid forty-eight degrees permanent partial disability. He further testified respecting conversations he had with various doctors who examined him; that he desired a cash settlement to enable him to go into business for himself; and that he began to grow worse shortly subsequent to receipt of his last settlement.

On June 7, 1938, Dr. Riley testified in behalf of the claimant that he made his last examination of claimant January 21, 1936, at which time it was the conclusion of the commission that claimant's condition was not fixed and should yield to treatment and that he had not seen claimant subsequent to that time. On July 6, 1938, Dr. Riley testified that he made his last examination of claimant June 15, 1938, and previous examina-

tions on October 15, 1935, and January 21, 1936; that the condition of the claimant at the three examinations was about the same; and that, while claimant was not able to follow his former occupation, he was not permanently totally disabled but could do light work which did not require lifting. The claimant was recalled March 16, 1938, at which time he testified that he knew of no occupation in which he could make a living and that his condition was getting worse. Dr. Austin testified in behalf of claimant May 31, 1938, that claimant was unable to do hard manual work such as he has been performing, but whether that condition is permanent he could not say, nor could he say whether the condition of claimant was or was not improving.

Drs. Calhoun, MacDonald, and Goodnow examined the claimant July 22, 1938. It was their opinion that claimant had sustained a severe injury but had largely recovered therefrom; that the claimant had always been disabled in the past by arthritic conditions, but same was not disabling at the time of the examination; that claimant was able to work; that his condition was fixed; that he was not in need of further treatment; and that the award of forty-eight degrees permanent partial disability was adequate. On September 15, 1938, Drs. Calhoun, MacDonald, and Goodnow testified that the claimant was permanently partially disabled and that the award of forty-eight degrees was adequate.

The medical evidence in support of the action of the joint board is unanimous. The only evidence opposed to the finding of the medical authorities that respondent is not permanently and totally disabled is the testimony of appellant as to his condition.

In cases of this kind, the actual facts must be determined from the testimony of the medical witnesses. It follows that the claimant did not sustain the burden of proof imposed upon him by Rem. Rev. Stat., § 7697;

18

therefore, the judgment is reversed, and the cause remanded with instructions to the trial court to affirm the order of the joint board.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.