[No. 29512. Department One. August 23, 1945.]

MADGE K. BROWN, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

[1]Reported in 161 P. (2d) 533.

*W. H. Sibbald,* for appellant.

The Attorney General and *Harry L. Parr, Assistant,* for respondent Department of Labor and Industries.

*Lester Huntington,* for respondent Weyerhaeuser Timber Company.

BEALS, C. J.—During the month of January, 1936, Madge K. Brown (to whom we shall refer as claimant or appellant), who was then in the employ of the Weyerhaeuser Timber Company, at Longview, Washington, while engaged in extrahazardous work, sustained an injury to her right foot. She presented her claim to the department of labor and industries, which classified her as temporarily totally disabled, and paid her compensation upon that basis to January 10, 1937, when her claim was closed without any permanent partial disability rating.

In December, 1939, claimant applied for the reopening of her claim, stating that her injury had become aggravated. Her claim was reopened, some operative work was performed on her foot, and she was paid on the basis of temporary total disability up to April 4, 1940, when the claim was again closed with no permanent partial disability rating.

Being dissatisfied with this action of the supervisor, claimant petitioned for a rehearing before the joint board, contending that she was suffering from a permanent partial

disability, and that she was unable to work. A rehearing was had, and thereafter the department paid claimant three hundred dollars based upon a ten-degree rating for permanent partial disability. Upon payment of this sum January 13, 1941, the claim was again closed.

In September, 1942, claimant again asked that her claim be reopened, and that she be given medical treatment. The department sent her to a physician in Portland, Oregon, who examined her and recommended that she be provided with an arch support. December 10, 1942, after having provided the arch support recommended by the doctor, the claim was again closed.

Claimant objected to this action, and the department thereafter caused her to be examined by a commission of three doctors, notifying her after the examination that her claim would remain closed.

Claimant being still dissatisfied, it appears that at some later date a doctor in the employ of the department examined her and that upon his suggestion she was examined by another physician. After receiving these further reports, the department adhered to its former decision and refused to reopen the claim, whereupon claimant asked for and received a rehearing before the joint board, which body sustained the action of the supervisor. Claimant then appealed to the superior court, where her case was tried to a jury, which returned a verdict in her favor. This verdict, however, the trial judge set aside upon the department's motion for judgment notwithstanding the verdict.

From judgment dismissing the cause, claimant has appealed to this court.

Appellant assigns error upon the court's refusal to allow the entire departmental file to go to the jury.

Error is also assigned upon the giving of two instructions and upon the order of the court setting aside the verdict of the jury and entering judgment in respondents' favor dismissing the action.

Appellant correctly states that the sole question presented to the jury for decision was: "Has the appellant's injury been aggravated since January 13, 1941?"

At the beginning of the trial, appellant's counsel offered in evidence what he referred to as the entire departmental file, and urged that it be admitted in evidence subject to examination by the jury.

Counsel for the department objected to the admission in evidence of the entire record, and the court, stating that the question to be determined was merely one of aggravation, brought before the court on appellant's appeal from the order of the joint board closing her claim and denying her further compensation, sustained the objection to the admission of the entire record or file.

■ Appellant argues before this court that the court erred in excluding any portion of the departmental record. The burden, however, rests upon appellant to show that at least some part of the excluded portion of the record had evidentiary bearing upon the issue presented before the trial court, which appellant herself defined according to the above quotation from her brief. *Wintermute v. Department of Labor & Industries*, 183 Wash. 169, 48 P. (2d) 627.

In the case of *Sweitzer v. Department of Labor & Industries*, 177 Wash. 28, 30 P. (2d) 980, 34 P. (2d) 350, this court, by its *En Banc* opinion rendered on rehearing of the case, held that a report of an examining physician in such a case as this made prior to a hearing before the joint board, could not be considered by the superior court on appeal by the claimant from the order entered by the joint board, the physician not having testified before the board either personally or by deposition as provided by Rem. Rev. Stat., § 7697 [P. C. § 3488]. The section cited was amended by chapter 280, Laws of 1943, p. 879, § 20, but the amendment nowise changed that portion of the section referred to by this court in the case last above cited.

The trial court was evidently of the opinion that there was no evidence received or offered which afforded any basis for the jury's finding that appellant had suffered any aggravation of the injury since January 13, 1941.

It appears that there was read to the jury the sworn testimony introduced before the joint board, which testimony

is contained in certain designated pages of the departmental file.

This evidence must be read and considered in the light of certain of our decisions.

In the case of *Stevich v. Department of Labor & Industries*, 182 Wash. 401, 47 P. (2d) 32, a case tried to a jury, this court said:

"It is, of course, also true that respondent is not entitled to recover herein simply because he may be now in a worse physical condition than he was when his claim was closed. To be entitled to relief in this proceeding, it was incumbent upon him to show that the condition caused by the injury had become aggravated."

In the recent case of *Cooper v. Department of Labor & Industries*, 20 Wn. (2d) 429, 147 P. (2d) 522, which case involved a claimed aggravation of an old injury tried to a jury, the claimant and his wife both testified that during a certain period the claimant's physical condition had deteriorated. Referring to the testimony of the wife, we said:

"That testimony or opinion of the lay witness is entitled to no greater consideration than we give to the testimony of respondent that his condition was 'worse' than when the claim was closed."

The claimant's physician testified, and concerning this testimony we said:

"A physician may not base an opinion as to causation of a physical condition on subjective symptoms and self-serving statements."

■ The burden rested upon appellant to show by competent evidence that subsequent to January 13, 1941, appellant's physical condition *with reference to her original injury*, received as above stated, had become aggravated.

■ Careful examination of the portion of the record which was read to the jury discloses no competent evidence which affords support to the verdict which the jury returned in appellant's favor, appellant's claim, of course, being limited, as above stated, to aggravation of the injury suffered subsequent to January 13, 1941.

As to the trial court's ruling excluding from consideration by the jury a considerable portion of the departmental file, we have examined the entire file, but find in the portion excluded nothing which supports appellant's contention that her injury has been aggravated subsequent to the date mentioned. Of course, claims, reports, and testimony made or taken prior to January 13, 1941, could not refer to appellant's condition after that date.

■ The department considered appellant's claims on several different occasions, and made in her favor awards which she accepted and from which she took no appeal. As to these matters the departmental rulings long ago became final.

■ Upon this appeal we are concerned with no question as to the preponderance of evidence, but only whether there was introduced any substantial evidence which supports the verdict of the jury in appellant's favor. *Darling v. Department of Labor & Industries,* 6 Wn. (2d) 651, 108 P. (2d) 1034.

Appellant is a heavy woman about thirty-eight years of age.

■ It is true that appellant herself before the joint board testified that she was in much worse condition physically than she had been prior to the date her case was last closed, but the record nowise supports her claim that the injury for which she received compensation had become aggravated after that date. Before appellant would be entitled to further compensation under the industrial insurance act, it must appear from the evidence that any increased physical impairment from which she suffers is due, to a substantial extent, to aggravation of the industrial injury which she received, and for which she has already been compensated. The physician who testified before the joint board on appellant's behalf, after describing her condition at the time he examined her, having stated that he could not find any record of her former examination which he had made, stated:

■

"Q. And not having your report of the last examination of her prior to the closing of this claim, you wouldn't know whether her condition had become aggravated, would you, Doctor? A. No."

The other doctors testified positively that they found nothing to indicate that the injury to her foot for which she had received compensation had become aggravated since the date above referred to.

The trial court did not err in granting respondents' motion for judgment for dismissal notwithstanding the verdict.

Our conclusion upon this matter renders it unnecessary to discuss appellant's assignments of error based upon two of the court's instructions.

The judgment appealed from is affirmed.

MILLARD, STEINERT, JEFFERS, and GRADY, JJ., concur.

---

October 2, 1945. Petition for rehearing denied.

