[No. 30343. Department One. September 23, 1947.]

ALFRED C. KNOWLES, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1] Reported in 184 P. (2d) 591.

*The Attorney General* and *Theodore M. Ryan, Assistant,* for appellant.

*Gershon, Stark & Oseran,* for respondent.

HILL, J.—Respondent sustained an injury to his left leg on October 9, 1944. His claim arising out of this injury was closed on March 8, 1945, with a permanent partial disability award of fifty per cent as compared with an amputation at the knee. On August 28, 1945, he made application to have his claim reopened, claiming severe pain in his lower back, which he attributed to a change in his manner of walking made necessary by the previous injury.

Hearings ultimately were held before the joint board, which found that there was no aggravation of the previous injury. On appeal to the superior court, the jury found that there was such an aggravation and gave respondent an additional award of eighteen hundred dollars for permanent partial disability, and judgment was entered on that verdict.

Appellant contends that there was not sufficient evidence to establish a causal relationship between the original injury and the back complaint.

Respondent's key witness as to this causal relationship was Dr. R. V. Boettner, whose only examination of respondent was on the morning of the day he testified, October 24, 1946. He took no X-ray photographs and did not examine any of the departmental X rays. However, he did make certain objective findings: (a) manipulation of the left sacroiliac was painful (quite severe); (b) flexion of the spine was painful and limited to approximately thirty per cent; (c) extension was painful and limited approximately ten per cent; and (d) there was some muscle spasm.

When asked the cause of respondent's back condition, Dr. Boettner said:

"The claimant apparently has an inflammation of some kind in the sacroiliac, probably arthritis due to his change in method of walking."

This testimony was so phrased as to include words indi-

cating the "probability or likelihood" of the causal relationship, as required by *Seattle-Tacoma Shipbuilding Co. v. Department of Labor & Industries,* 26 Wn. (2d) 233, 173 P. (2d) 786.

 Appellant complains because the doctor did not testify that there was an "aggravation" of the leg injury. It is not necessary that the testimony be in the words of the statute. He testified to an inflammation and a painful condition in another part of the body from that originally injured, and attributed it to the effects of the original injury. That is sufficient to make a *prima facie* cause of aggravation. We say *"prima facie"* because it would seem that inflammation and pain in the sacroiliac which developed subsequent to the original award and the closing of respondent's claim would not be expected to follow from the injury for which the respondent had been previously compensated.

 In such a case, unless the new complaint obviously would be expected to follow from the previous injury, the burden would be upon the department of labor and industries to establish that the later development had been contemplated and compensated for in the previous award. Appellant makes no such contention here, its position being, as previously indicated, that the back condition was not caused by the original injury. The evidence here was sufficient to bring the case within the rule of proof laid down in *Reid v. Department of Labor & Industries,* 1 Wn. (2d) 430, 96 P. (2d) 492, and *Brown v. Department of Labor & Industries,* 23 Wn. (2d) 572, 161 P. (2d) 533.

Appellant seems also to contend that every element in a case of aggravation must be proved by medical testimony and be based on objective findings. We have never so held. The present case provides a good illustration of the place of lay and medical testimony, and objective findings and opinion evidence. Lay witnesses established that respondent walked differently before and after his injury. Medical testimony established, by objective findings, inflammation and pain in the sacroiliac, limited flexion and extension in the spine, and muscle spasm. The opinion evi-

dence of the medical expert tied the two together by saying that the condition of the back resulted, or probably resulted, from the change in the manner of walking. The links in the causal chain to connect the aggravation (or new complaint) with the original injury were complete.

The judgment is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.

November 6, 1947. Petition for rehearing denied.