[No. 32601. Department Two. July 29, 1954.]

JOHN H. JOHNSON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 273 P. (2d) 510.

*Walthew, Oseran & Warner*, for appellant.

*The Attorney General* and *Bernard A. Johnson, Assistant*, for respondent.

DONWORTH, J.—Plaintiff appeals from a judgment of dismissal entered when the trial court granted defendant's motion for judgment n.o.v., after a jury had returned a verdict finding that plaintiff was totally and permanently disabled from engaging in any gainful employment.

The plaintiff suffered a head injury in an industrial accident on December 9, 1947, while employed as a vat man by the St. Paul & Tacoma Lumber Company at its Olympia plant. He filed his claim with the department of labor and industries. On January 10, 1949, his claim was closed with a permanent partial disability award of forty per cent of the maximum allowable for unspecified injuries.

On December 29, 1950, he filed an application to reopen his claim for aggravation of his injuries. The supervisor of the department of labor and industries denied the claim on March 12, 1951. On March 23, 1951, he filed notice of appeal to the board of industrial insurance appeals, and on March 11, 1952, a hearing on the appeal was held before an examiner for the board, at which time witnesses for plaintiff and defendant testified.

The board of industrial insurance appeals entered an order on December 17, 1952, sustaining the order of the supervisor of the department of labor and industries. Plaintiff appealed to the superior court for Thurston county.

On May 18, 1953, a trial was held in the superior court, and the jury returned a verdict finding that plaintiff was totally and permanently disabled from engaging in any gainful employment at the time his claim was closed by the defendant. Subsequently, defendant interposed its motion for a judgment notwithstanding the verdict of the jury or

for a new trial. After hearing arguments on these motions, the court granted the motion for judgment notwithstanding the verdict.

From the judgment of dismissal thereafter formally entered, plaintiff appeals to this court.

We are governed on this appeal by the rule that a trial court may not grant a motion for judgment notwithstanding the verdict of a jury if there is any evidence or reasonable inference from evidence to sustain the verdict. *Olson v. Department of Labor & Industries*, 43 Wn. (2d) 85, 260 P. (2d) 313. Furthermore, in reviewing a judgment entered after a motion for judgment n.o.v. has been granted or denied, this court must view the evidence in the light most favorable to the party against whom the motion is made, and all competent evidence favorable to such party must be taken as true, and he must be given the benefit of every inference which reasonably may be drawn therefrom. *Arnold v. Sanstol*, 43 Wn. (2d) 94, 260 P. (2d) 327.

Since this was an action to establish an increase in a workmen's compensation award as a result of the aggravation of a prior industrial injury, the burden was on appellant to produce medical evidence, some of it based on objective findings, to prove that there had been some aggravation of the injury which resulted in increased disability. *Moses v. Department of Labor & Industries*, 44 Wn. (2d) 511, 268 P. (2d) 665.

Furthermore, since the jury found that appellant was totally and permanently disabled as of March 12, 1951, the terminal date of the aggravation period, there must be sufficient medical testimony to support his claim that he was totally and permanently disabled from performing any work at any gainful occupation as of that time. RCW 51-.08.160. *Moses v. Department of Labor & Industries, supra.*

Tested by the foregoing rules, the medical testimony in this case must be held insufficient for several reasons:

(1) Dr. Frank P. Mathews, one of two doctors called by appellant, testified that appellant was disabled from working on December 25, 1950, when he examined appellant at

the hospital in Olympia. Appellant had been brought to the hospital that day in a semiconscious condition. The doctor diagnosed his ailment as a post-concussion syndrome. But Dr. Mathews refused to testify that appellant was suffering from a *permanent* disability. On the contrary, the doctor testified as follows:

"Q. Do you recall doctor, when you saw him last [March 15, 1951] whether you thought he was in condition to resume work? A. *I thought that he could try.* I don't recall —arbitrating this thing—his complaint then was largely a complaint of persistent pain in the side of the neck and on that occasion I referred him to Dr. Sam Goldenberg to have some local anesthesia tried on it and *it wouldn't have been my impression that I would have required him to stay away from work on the basis of this alone;* . . ." (Italics ours.)

(2) Dr. Victor E. Bellinger, the second doctor called by appellant, examined him on March 7, 1952, almost a year after the closing terminal date of the aggravation period. On March 21, 1952, when his deposition was taken in this case, Dr. Bellinger testified that appellant was totally and permanently disabled as a result of the industrial accident of December 9, 1947. But the doctor's testimony was to the effect that appellant was totally and permanently disabled as of the date the doctor testified and not that he was suffering from a total permanent disability on March 12, 1951, the terminal date of the aggravation period. Dr. Bellinger testified as follows:

"Q. Since the date of March 12, 1951, has this [appellant's] condition as such become fixed in this worsened state? A. I should say *it is in a fixed condition.* Q. And what is your opinion, Doctor, as to the ability of this man to work? A. It is my opinion that this man—*it is impossible for this man to continuously follow any gainful occupation.* Q. And this inability to follow continuously a gainful occupation, in your opinion is that a permanent or temporary disability? A. *That is a permanent disability.*" (Italics ours.)

It is apparent that Dr. Bellinger, speaking throughout in the present tense, was giving his opinion that appellant was unable to work and was permanently disabled either as of

the date the doctor examined him (March 7, 1952) or as of the date the doctor testified (March 21, 1952), both dates being long after the terminal day of March 12, 1951. Under the rule followed in five recent cases cited in *Moses v. Department of Labor & Industries, supra,* Dr. Bellinger's testimony is insufficient.

■ We do not consider it necessary to refer in detail to all of appellant's objective and subjective symptoms. We have read with care the testimony of all the witnesses, and, viewing the testimony in the light most favorable to appellant, considering as true all competent evidence favorable to him and drawing all reasonable inferences therefrom in his favor, we are unable to find a sufficient showing by medical testimony of appellant's total and permanent disability, nor of any percentage of aggravation of his disability, during the period between January 10, 1949, and March 12, 1951. We, therefore, hold that the trial court was correct in granting respondent's motion for judgment n.o.v. and dismissing the action.

Because of respondent's contention that in aggravation cases there must be at least two examinations of the claimant by the same doctor (one near the beginning of the aggravation period and the other near the end), we wish to point out that we have not in *Moses v. Department of Labor & Industries, supra,* nor in any other case, laid down any such rule. The cases cited by respondent require only an adequate showing by medical testimony of a comparison of claimant's condition within the limits of the aggravation period.

Therefore, because of the insufficiency of the medical testimony to support a finding of any aggravation on or before March 12, 1951, the judgment of dismissal must be and is affirmed, without prejudice to appellant's right to move to reopen his claim for an increase in his disability award as to any aggravation of his condition occurring after March 12, 1951.

GRADY, C. J., SCHWELLENBACH, HILL, and WEAVER, JJ., concur.