[No. 37905. Department One. December 30, 1965.]

GLEN DINNIS, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.**

*The Attorney General, Raymond E. Brown* and *William J. Van Natter, Assistants,* for appellant.

*Joseph J. Stangle,* for respondent.

HILL, J.—This is an appeal by the Department of Labor and Industries from a judgment of the superior court (Pend Oreille County) directing the department

> [T]o place the claimant on the pension rolls of the department as a permanently and totally disabled workman, effective the date his claim was last closed, June 5, 1962.

The claimant, Glen Dinnis, had sustained an injury to his back in the course of his employment. Treatment included surgery in which a protruded intervertebral disc was re-

*Reported in 409 P.2d 477.

moved and his spine was fused from the fourth lumbar vertebra to the sacrum. His claim had been closed on March 23, 1961, with a permanent partial disability award of 50 per cent of the maximum allowable for permanent partial unspecified disability.

The claimant filed an application to reopen his claim on the basis of aggravation of condition, and on September 21, 1961, the Supervisor of Industrial Insurance reopened the claim for treatment. On October 18, 1961 there was further surgery

[I]n the form of a removal of the spinous process of the 3rd lumbar vertebra and removal of a false joint between the spinous process and the bone graft from the fusion.

On June 5, 1962, when the claim was last closed, it was with "no additional award for permanent partial disability."

The claimant appealed from that closing order to the Board of Industrial Insurance Appeals, asking for "further treatment and/or . . . a larger permanent disability award than has been heretofore paid."

On that appeal, the claimant and his doctor (Leonard A. Dwinnell) testified, as did Dr. James P. Dunlap and Dr. John M. Lambert for the department.

On the basis of that testimony, the Board of Industrial Insurance Appeals sustained the supervisor's order of June 5, 1962, closing the claim with no additional allowance for permanent partial disability.

The claimant then appealed to the superior court which, on the basis of the same testimony, found that the plaintiff was permanently and totally disabled, due to conditions resulting from his industrial injury, and entered the judgment from which this appeal is taken.

The terminal dates for the period to which our inquiry is limited are: March 23, 1961, on which date the claim of Mr. Dinnis was closed with a total award of 50 per cent of the maximum allowable for unspecified permanent partial disability, and the 5th of June, 1962, the last closing date. The department states there was no increased disability between those dates; the claimant does not say

656

there was, but urges that in any event he was, on the latter date, totally disabled.

■ In an aggravation case, the burden of proving a claimed disability to be greater on the last terminal date than on the first terminal date is upon the claimant; and to prevail he must produce medical evidence to that effect based, at least in part, upon objective findings of a physician. *Johnson v. Department of Labor & Indus.*, 45 Wn.2d 71, 273 P.2d 510 (1954); *Moses v. Department of Labor & Indus.*, 44 Wn.2d 511, 268 P.2d 665 (1954); *Weinheimer v. Department of Labor & Indus.*, 8 Wn.2d 14, 111 P.2d 221 (1941).

The claimant fails completely in his proof of aggravation. Dr. Dwinnell testified that in June of 1962, the second terminal date, respondent could do light work but not heavy work, and that his condition was improved over his condition in June, 1961 (shortly after the first terminal date).

Dr. Dunlap (an orthopedist) and Dr. Lambert (a neurologist), who examined the claimant (March 7, 1961 and April 24, 1962) shortly prior to each terminal date (March 23, 1961 and June 5, 1962), rated his disability on both occasions as 50 per cent of the maximum for unspecified permanent partial disability; and Dr. Lambert felt that on the last date the claimant was somewhat improved over his condition at the time of the earlier examination.

Lacking any medical evidence of aggravation between the terminal dates of March 23, 1961, and June 5, 1962, indeed lacking any[1] evidence of aggravation between those dates, the claimant takes the position that, in any event, he is totally disabled so far as gainful employment is concerned. This is based on an interpretation of the testimony of Dr. Dwinnell that claimant could do "light work," and that of Dr. Lambert that claimant "probably never could go back to hard manual labor, but he certainly would be able to work," supplemented by claimant's own testimony indicating that there is no light work available in the area in which he lives which would constitute gainful employment.

[1]The claimant himself admits that his condition was no worse, and possibly was better, on the second date than it was on the first date.

That, however, is not the point in this particular inquiry. It is not our purpose to determine whether the place a man elects to live is to be the determining factor in whether or not he is capable of gainful employment; or whether a man who regularly milks four cows (his wife milks the other six) and takes care of three or four hogs is, or is not, capable of being gainfully employed.

■ We are confronted with a much simpler problem. We start with a determination that the claimant had, on March 23, 1961, a disability to the extent of 50 per cent of the maximum allowable for unspecified permanent partial disability for which he has been compensated. If his present contention concerning total disability is correct, he was totally disabled on March 23, 1961, and should have appealed from the order of that date establishing the extent of disability at 50 per cent of the maximum allowed for unspecified permanent partial disability. However, he did not; and it is now res judicata as to his condition on that date. *White v. Department of Labor & Indus.*, 48 Wn.2d 413, 293 P.2d 764 (1956). See also, *Picich v. Department of Labor & Indus.*, 59 Wn.2d 467, 368 P.2d 176 (1962); *Collins v. Department of Labor & Indus.*, 50 Wn.2d 194, 310 P.2d 232 (1957).

To prevail here, an aggravation of his condition on that date must be shown. The claimant cites certain cases to the court, but none of them supports the proposition that in a case such as this we can dispense with proof of aggravation.

In *Wilber v. Department of Labor & Indus.*, 61 Wn.2d 439, 378 P.2d 684 (1963), we held that there was sufficient evidence to support a finding of aggravation, implicitly holding that aggravation is a necessary element.

In *Picich v. Department of Labor & Indus.*, *supra*, the claim had been reopened and an additional award made. We noted that in granting the additional disability there had been a recognition of the worsening of the claimant's condition. The only issue on appeal, according to the opinion, was the extent of the increased disability, and the verdict

was within the range of the evidence. (Had the claimant in this case appealed the closing order of March 23, 1961, which increased his disability from 35 per cent to 50 per cent of the maximum allowable for unspecified permanent partial disability, and claimed a greater disability, the *Picich* case would be authority to sustain his claim of total disability.)

In *Collins v. Department of Labor & Indus., supra,* the claimant's contention was that his condition had worsened from the last closing date. The case was reopened and an additional award was made which was deemed to be insufficient. The essence of the holding was: The facts showing aggravation were sufficient; that the only issue was the extent of the increased disability.

There being no proof of aggravation subsequent to March 23, 1961, the order of the superior court directing that claimant be put on the pension rolls as totally disabled must be reversed, and the order of the Board of Industrial Insurance Appeals be affirmed.

ROSELLINI, C. J., OTT and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.