IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANTONIO L. PADILLA, | ) | No. 31391-3-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR AND | ) | UNPUBLISHED OPINION |
| INDUSTRIES OF THE STATE OF | ) | |
| WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, J. — Antonio L. Padilla appeals the superior court's judgment affirming a Board of Industrial Insurance Appeals' adjudication. Both tribunals upheld a Department of Labor and Industries' decision denying Mr. Padilla's application to reopen his industrial injury claim and readjust his compensation based on aggravation of his original condition. He now contends the superior court's factual findings lack substantial evidence and do not support its legal conclusions. Because substantial evidence supports the court's findings and we defer to the court on matters of witness credibility and the persuasive weight accorded to disputed evidence, we affirm.

FACTS

Mr. Padilla suffered an industrial injury in the course of his employment on August 31, 2006. He soon applied to the department for compensation. The

department allowed his claim, paid him compensation, and closed his claim on January 3, 2007. About 33 months later, he applied to the department to reopen his claim and readjust his compensation based on aggravation of his original condition. The department issued a final order denying his request on March 16, 2010.

Mr. Padilla appealed to the board. At a hearing, both parties produced expert medical testimony. Mr. Padilla offered the perpetuation deposition of S. Daniel Seltzer, MD, and the testimony of Ronald H. Warninger, DC. The department offered the testimony of Paul Reiss, MD. The board affirmed the department's decision after finding Dr. Reiss's testimony more credible and persuasive than Drs. Seltzer and Warninger's testimony, especially on the proximate cause element required to prove aggravation within the meaning of RCW 51.32.160(1)(a). Mr. Padilla unsuccessfully appealed to the superior court. The court agreed with the board's appraisal of witness credibility and evidence weight after adopting its factual findings and legal conclusions. Mr. Padilla appealed.

## ANALYSIS

The issue is whether the superior court erred in affirming the board's adjudication. Mr. Padilla argues the evidence preponderates in his favor because he showed his industrial injury worsened after the department closed his claim. The Industrial Insurance Act, title 51 RCW, empowers the department to reopen an industrial injury claim and readjust compensation if the worker's disability has become aggravated and the worker applies for relief within seven years of the initial closing date. RCW

No. 31391-3-III
*Padilla v. Dep't of Labor & Indus.*

51.32.160(1)(a). If the department denies the application, the aggrieved worker may appeal to the board. RCW 51.52.060.

If the board affirms the department's decision, the aggrieved worker may appeal to the superior court and receive a hearing de novo upon the same evidence and testimony the board heard. RCW 51.52.110, .115. The board's factual findings and legal conclusions are "prima facie correct," which means they are presumed correct. RCW 51.52.115; *see Allison v. Dep't of Labor & Indus.*, 66 Wn.2d 263, 268, 401 P.2d 982 (1965). The party attacking the findings and conclusions bears the burden of proving they are incorrect by a preponderance of evidence. RCW 51.52.115; *Chalmers v. Dep't of Labor & Indus.*, 72 Wn.2d 595, 603, 434 P.2d 720 (1967); *Zankich v. Dep't of Labor & Indus.*, 189 Wash. 25, 31, 63 P.2d 427 (1936).

If the superior court affirms the board's adjudication, the aggrieved worker may appeal "as in other civil cases." RCW 51.52.140; *see* RAP 3.1. We review the superior court's factual findings and legal conclusions solely to determine whether substantial evidence supports the findings and the conclusions flow from the findings. *See Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5-6, 977 P.2d 570 (1999); *Groff v. Dep't of Labor & Indus.*, 65 Wn.2d 35, 41, 395 P.2d 633 (1964). Substantial evidence is a "sufficient quantum to persuade a fair-minded, rational person of the truth of a declared premise." *Helman v. Sacred Heart Hosp.*, 62 Wn.2d 136, 147, 381 P.2d 605 (1963).

To prove aggravation within the meaning of RCW 51.32.160(1)(a), the worker must establish four elements by expert medical testimony at least partly based on a physician's findings of objective symptoms:

3

(1) the worker's prior industrial injury worsened and resulted in increased disability;[1]

(2) the worker's prior industrial injury proximately caused the increased disability;

(3) this worsening occurred between two terminal dates, specifically, the date the department closed the worker's original claim and the date the department issued a final order denying the worker's application for a reopening and readjustment; and

(4) the worker's disability on the second terminal date was greater than that for which the department awarded the worker compensation on the first terminal date.

*See Lewis v. ITT Cont'l Baking Co.*, 93 Wn.2d 1, 3, 603 P.2d 1262 (1979); *Dinnis v. Dep't of Labor & Indus.*, 67 Wn.2d 654, 656, 409 P.2d 477 (1965); *Phillips v. Dep't of Labor & Indus.*, 49 Wn.2d 195, 197, 298 P.2d 1117 (1956); *Cyr v. Dep't of Labor & Indus.*, 47 Wn.2d 92, 95, 286 P.2d 1038 (1955); *Hyde v. Dep't of Labor & Indus.*, 46 Wn.2d 31, 34, 278 P.2d 390 (1955); *Moses v. Dep't of Labor & Indus.*, 44 Wn.2d 511, 517, 268 P.2d 665 (1954); *Karniss v. Dep't of Labor & Indus.*, 39 Wn.2d 898, 901-02, 239 P.2d 555 (1952); 6A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 155.11, at 160, 155.11.01, at 161 (6th ed. 2012).

Here, the superior court found, "Any objective worsening in Mr. Padilla's condition that occurred between January 3, 2007, and March 16, 2010, was not proximately caused by the residual effects of the August 31, 2006 industrial injury." Administrative Record (AR) at 36; *see* Clerk's Papers (CP) at 51. As explained in a memorandum decision, the court based this finding entirely upon its appraisal of witness credibility and evidence weight:

---

[1] The aggravation "need not be the result of the industrial accident itself but may be the worsening of the industrial injury through the incidents of day-to-day life." *Tollycraft Yachts Corp. v. McCoy*, 122 Wn.2d 426, 432, 858 P.2d 503 (1993) (citing *McDougle v. Dep't of Labor & Indus.*, 64 Wn.2d 640, 644, 393 P.2d 631 (1964)).

> The case turns on the expert evidence . . . . Dr. Reiss . . . provided a detailed analysis of why he believed the symptoms experienced by Mr. Padilla during the period in question were not related to the industrial traumatic injury. He clearly described that the injury would have either been traumatic or major with damage to the cervical structure or a minor injury with damage to the muscle. A major injury would have required immediate care together with follow up care. A minor injury would resolve. There being no evidence of a major injury the only conclusion left is the injury was minor. He also stated the symptoms of a minor injury would not be the source of the alleged aggravation.
>
> Dr. Reiss attributed the symptoms of Mr. Padilla to his age, physical condition and arthritis.
>
> Mr. Padilla offered testimony from Dr. Selzer [sic] and Dr. Warninger. Dr. Warninger made a conclusory statement of causal relationship. Dr. Selzer [sic] also made a conclusory statement of causation. Both statements were not particularly detailed or supported by reasoning. Both doctors felt additional testing would have to be done to provide a better analysis. The doctors failed to specifically establish a relationship between the current symptoms and the original injury.

CP at 48-49.

Mr. Padilla does not challenge how the superior court characterized the contents of Dr. Reiss's testimony.[2] Instead, he challenges the court's appraisal that Dr. Reiss's testimony was more credible and persuasive than Drs. Seltzer and Dr. Warninger's testimony. But we must defer to the superior court's assessment of these matters even if we might disagree. *See In re Welfare of Sego*, 82 Wn.2d 736, 739-40, 513 P.2d 831

---

[2] Nor could he do so. Dr. Reiss testified he examined Mr. Padilla, reviewed his medical records, and concluded "there was no objective worsening related to the claim" between January 3, 2007 and March 16, 2010. AR at 117. Dr. Reiss explained, "I felt that major trauma had been ruled out" around the time of the industrial accident, and therefore, "I didn't think anything on diagnostic studies now could be directly related to the accident, anything." AR at 119-20. Dr. Reiss then suggested the degenerative changes in Mr. Padilla's neck were "based on his age" instead of his industrial injury. AR at 123. Again, Dr. Reiss explained, "I believe when I saw him he was in his early 60s, and everybody – I don't think there's anybody over age 60 who doesn't have degenerative changes in their neck." AR at 123.

No. 31391-3-III
*Padilla v. Dep't of Labor & Indus.*

(1973). Because Dr. Reiss's testimony is sufficient to persuade a fair-minded, rational person Mr. Padilla's industrial injury did not proximately cause his increased disability, substantial evidence supports the court's negative finding on proximate cause. And, because proximate cause is an element required to prove aggravation within the meaning of RCW 51.32.160(1)(a), the court's negative conclusion on aggravation flows from its negative finding on proximate cause. Under these circumstances, we defer to the superior court's finding. *See Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959). In sum, the superior court did not err in affirming the board's adjudication.

Considering the analysis above, we do not address Mr. Padilla's remaining contentions on the three other elements required to prove aggravation within the meaning of RCW 51.32.160(1)(a).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, A.C.J.

Fearing, J.

6