IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOHN R. GIBBONS, DEC'D, | ) | No. 72335-9-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| THE BOEING COMPANY, AND | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR AND | ) | |
| INDUSTRIES OF THE STATE OF | ) | |
| WASHINGTON, | ) | |
| | ) | |
| Respondents. | ) | FILED: August 17, 2015 |

SCHINDLER, J. — Under the Washington Industrial Insurance Act, Title 51 RCW, a surviving spouse of an injured worker is entitled to death benefits under RCW 51.32.067 if the worker is permanently and totally disabled at the time of death, or under RCW 51.32.050 if the worker dies as a result of an industrial injury. Vivian Gibbons, the surviving spouse of John R. Gibbons, appeals summary judgment dismissal of her claim for death benefits under RCW 51.32.067 and RCW 51.32.050. We affirm.

John R. Gibbons worked as a carpenter for The Boeing Company. On September 24, 1988, John[1] twisted his back at work. John filed a claim with the Washington State Department of Labor and Industries (Department) for time-loss

---

[1] We refer to John Gibbons and Vivian Gibbons by their first names for clarity. No disrespect is intended.

compensation benefits. In 1993, John returned to work at Boeing doing computer data entry.

On September 1, 1993, John retired from Boeing. One month later, the Department issued an order awarding John payment for a "Category 3" low back impairment permanent partial disability and closed his time-loss compensation claim. The Department affirmed the closing order. John did not appeal.

At John's request, the Department reopened the claim in 1995 for authorized medical treatment. John also sought additional time-loss compensation. The Industrial Appeals Judge (IAJ) found that John had voluntarily retired and was therefore not entitled to time-loss compensation benefits under former RCW 51.32.090(8) (1993). The Board of Industrial Insurance Appeals (Board) affirmed. John appealed the order denying time-loss compensation benefits to superior court. This court affirmed the Board and held that John was ineligible for time-loss compensation because he was voluntarily retired, Gibbons v. Boeing Co., 107 Wn. App. 1029 (2001).

John's claim remained open for medical treatment until he died of lung cancer on August 1, 2005. On June 2, 2006, the Department issued an order closing John's claim and awarding permanent partial disability for "category 3" low back impairment in the amount of $9,000.

John's spouse Vivian Gibbons appealed the June 2 closing order and filed a claim for spousal death benefits. After a scheduling conference, the Board identified the sole issue as, "Whether for conditions proximately caused by the September 24, 1988 industrial injury, the claimant (now deceased) is entitled to an increased permanent partial disability award." At the July 2007 administrative hearing, Vivian's attorney

2

agreed that the issue was whether John was "entitled to an increased permanent partial disability award." Vivian presented medical evidence that in addition to low back impairment, the industrial injury caused bowel and erectile dysfunction.

The Board reversed the closing order and awarded an additional permanent partial disability payment. The Board concluded the weight of the evidence demonstrated that the permanent partial disability on June 2, the date the Department issued the second order of closure, "was best represented by Category 6, WAC 296-20-280, and that the June 2, 2006 order must be reversed to provide the correct category of impairment." In June 2008, Vivian and Boeing both filed an appeal of the decision.

At the conclusion of a jury trial in March 2011, the jury found that as of June 2, 2006, John had a "Category 3" permanent partial disability of the low back and a "Category 2" permanent partial disability of the lower digestive tract. Following entry of the judgment on the jury verdict, the Department issued an order directing Boeing to pay a "category 3" permanent partial disability award for the low back impairment and a "category 2" permanent partial disability award for the lower digestive tract impairment.

On January 13, 2012, the Department issued an order denying Vivian's claim for death benefits. Vivian filed a request for reconsideration of the order denying her claim for death benefits. The Department affirmed the order. Vivian appealed the decision to the Board.

Boeing filed a motion for summary judgment arguing Vivian was not entitled to death benefits under RCW 51.32.067 because John voluntarily retired and was not permanently and totally disabled at the time of his death. In opposition, Vivian argued

there were issues of material fact as to whether she was entitled to death benefits. Vivian submitted a number of documents including John's death certificate.

The IAJ issued a proposed decision and order affirming the decision of the Department to deny death benefits. The IAJ concluded Vivian was not entitled to death benefits under either RCW 51.32.067 or RCW 51.32.050. On April 1, 2013, the Board granted Vivian's petition for review "solely to correct a typographical error," and affirmed the proposed decision and order.

Vivian filed an appeal of the Board's final order. The superior court adopted the Board's findings and affirmed the decision granting Boeing's motion for summary judgment. The amended findings of fact state, in pertinent part:

> B.  The Claimant, John R. Gibbons, was injured on September 24, 1988 while in the course of his employment with The Boeing Company when he twisted his back while exiting a vehicle. That injury proximately caused low back and lower digestive tract conditions.
> C.  John R. Gibbons voluntarily retired and removed himself from the labor force on September 1, 1993. He remained voluntarily retired through August 1, 2005.
> D.  On August 1, 2005, John R. Gibbons died of lung cancer, a condition unrelated to his September 24, 1988 industrial industry.
> E.  Vivian Gibbons is John R. Gibbons' surviving spouse.
> F.  On August 1, 2005, John R. Gibbons was permanently partially disabled, but was not permanently totally disabled, as a result of his September 24, 1988 industrial injury.

Vivian appeals. Vivian contends the court erred in affirming summary judgment dismissal of her claim for death benefits. Vivian asserts there are genuine issues of material fact as to whether she is entitled to death benefits under RCW 51.32.067 or RCW 51.32.050.

4

Standard of Review

In an appeal from a decision of the Board, the superior court acts in an appellate capacity, reviewing the decision de novo. Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999). The Board decision is prima facie correct, and the burden of proof is on the party attacking the decision. RCW 51.52.115;[2] Ruse, 138 Wn.2d at 5. RCW 51.52.140 governs our review of the superior court decision. RCW 51.52.140 states that an "[a]ppeal shall lie from the judgment of the superior court as in other civil cases."

We review summary judgment de novo, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party. Pearson v. Dep't of Labor & Indus., 164 Wn. App. 426, 431, 262 P.3d 837 (2011).[3] Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. CR 56(c). If reasonable minds could reach only one conclusion, summary judgment is appropriate. Hansen v. Friend, 118 Wn.2d 476, 485, 824 P.2d 483 (1992). "A party may not rely on mere allegations, denials, opinions, or conclusory statements, but, rather must set forth specifics indicating material facts for trial." Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87

---

[2] RCW 51.52.115 states, in pertinent part:

The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the record filed by the board in the superior court as provided in RCW 51.52.110 . . . . In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same. If the court shall determine that the board has acted within its power and has correctly construed the law and found the facts, the decision of the board shall be confirmed.

[3] Because we review summary judgment de novo, the superior court's findings of fact are superfluous and need not be considered. Hubbard v. Spokane County, 146 Wn.2d 699, 706 n.14, 50 P.3d 602 (2002). Accordingly, we do not address Vivian's argument that the superior court's findings of fact are not supported by substantial evidence.

P.3d 774 (2004) (citing CR 56(e); <u>Grimwood v. Univ. of Puget Sound, Inc.</u>, 110 Wn.2d 355, 359, 753 P.2d 517 (1988)).

<u>Death Benefits under the Industrial Insurance Act</u>

A surviving spouse has a separate right to death benefits under Washington's Industrial Insurance Act, Title 51 RCW. A surviving spouse of an injured worker eligible for permanent total disability is entitled to death benefits under RCW 51.32.067 or, if the death is the result of an industrial injury, RCW 51.32.050.

<u>RCW 51.32.067</u>

Under RCW 51.32.067, a surviving spouse may receive death benefits if the injured worker "dies during a period of permanent total disability from a cause unrelated to the injury." RCW 51.32.067(1).

Vivian argues there are genuine issues of material fact as to whether John was permanently and totally disabled at the time of his death. However, there is no dispute that the jury found John permanently partially disabled as of June 2, 2006. There is also no dispute Vivian did not appeal the 2011 superior court judgment on the jury verdict finding that John had a "permanent partial disability." The finding of partial disability is res judicata as to the extent of the injury as of June 2, 2006. <u>See</u> <u>Dinnis v. Dep't of Labor & Indus.</u>, 67 Wn.2d 654, 657, 409 P.2d 477 (1965) (fact of permanent partial disability determined in prior proceeding is res judicata as to worker's condition on that date); <u>Weyerhaeuser Co. v. Farr</u>, 70 Wn. App. 759, 766, 855 P.2d 711 (1993) (same); <u>see also</u> <u>Marley v. Dep't of Labor & Indus.</u>, 125 Wn.2d 533, 538, 886 P.2d 189 (1994) ("[F]ailure to appeal an order, even one containing a clear error of law, turns the order into a final adjudication, precluding any reargument of the same claim."). Vivian is

bound by the law of the case and cannot challenge that finding after failing to file a timely appeal. Because John was only partially disabled and not permanently <u>totally</u> disabled at the time of his death, the court did not err in concluding Vivian is not eligible for benefits under RCW 51.32.067 and affirming summary judgment dismissal of her claim for benefits on that ground.

<u>RCW 51.32.050</u>

Under RCW 51.32.050, the surviving spouse is eligible for death benefits "[w]here death results from the [industrial] injury." RCW 51.32.050(2). A surviving spouse's death benefits under RCW 51.32.050 have "a separate character" from a worker's wage replacement benefits. <u>Mason v. Ga.-Pac. Corp.</u>, 166 Wn. App. 859, 866-67, 271 P.3d 381 (2012) (citing <u>Kilpatrick v. Dep't of Labor & Indust.</u>, 125 Wn.2d 222, 228, 883 P.2d 1370 (1994) (noting a "survivor's claim is independent from the worker's claim to the extent the worker cannot waive the survivor's rights to benefits [under RCW 51.32.050].")). Consequently, a spouse may file a separate claim for death benefits under RCW 51.32.050 even if the worker's claim for benefits has been closed. <u>Dep't of Labor & Indust. v. Shirley</u>, 171 Wn. App. 870, 883-84, 288 P.3d 390 (2012).

There is no dispute that John died of lung cancer in 2005. The death certificate states the cause of death as "metastatic nonsmall cell lung cancer." The certifying physician notes that "tobacco use" contributed to John's death. The certifying physician does not list any "significant conditions contributing to death," and there was no evidence the 1988 twisting low-back injury caused the lung cancer.

<u>Mason</u> is inapposite. In <u>Mason</u>, it was undisputed that the worker died as a result of a lung condition related to chemical exposure during his employment. <u>Mason</u>,

166 Wn. App. at 862. The Department found that an occupationally related condition caused the worker's death and awarded the surviving spouse death benefits under former RCW 51.32.050 (1986). Mason, 166 Wn. App. at 862. The employer appealed the benefit amount arguing the surviving spouse was entitled to only the statutory minimum survivor pension rate because the worker voluntarily retired before manifestation of his lung condition. Mason, 166 Wn. App. at 862. The court concluded that under former RCW 51.32.050 and the statute defining occupational disease, RCW 51.32.180, the surviving spouse's death benefits should be based on the worker's wages at the time of his retirement. Mason, 166 Wn. App. at 870-71.

Here, unlike in Mason, there is no evidence that John died as a result of an industrial injury. The superior court did not err in concluding that Vivian is not eligible for death benefits under RCW 51.32.050 and affirming summary judgment dismissal on that ground.

We affirm the superior court decision affirming the Board's decision on summary judgment to deny Vivian's claim for death benefits under RCW 51.32.067 and RCW 51.32.050.

WE CONCUR:

8