[No. 33636.   Department One.   June 28, 1956.]

SAM S. PHILLIPS, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*Walthew, Oseran & Warner*, per *James E. McIver*, for appellant.

*The Attorney General, Haydn H. Hilling, Assistant,*

[1]Reported in 298 P. (2d) 1117.

*Eggerman, Rosling & Williams,* and *Kenneth G. Burrows,* for respondents.

OTT, J.—Sam S. Phillips sustained an industrial injury on July 25, 1951. An accident claim was filed with the department of labor and industries. The supervisor closed the claim November 8, 1951, ordering an allowance for time loss only. No appeal was taken from the order.

January 16, 1952, Mr. Phillips filed an application to reopen his claim on the basis of aggravation. January 21, 1952, the supervisor issued an order reopening the claim for medical treatment. October 9, 1953, the claim was closed by an order awarding the claimant an amount equal to ten per cent of the maximum allowable for unspecified permanent partial disability.

Claimant appealed to the board of industrial insurance appeals. February 9, 1955, the board sustained the order of the supervisor. Claimant then appealed to the superior court for King county. The department moved to dismiss the appeal. The court granted the motion and, in the judgment of dismissal, stated its reason therefor as follows:

" . . . the record does not contain sufficient properly admissible evidence to support a verdict, to-wit, that there is no medical testimony based upon objective findings to make a *prima facie* case, . . ."

From the judgment of dismissal, the claimant has appealed.

Appellant's only assignment of error is directed to the trial court's holding, as a matter of law, that the evidence presented in the certified board record was not sufficient to submit the cause to a jury.

We have held that a motion for nonsuit admits the truth of the evidence of the party against whom the motion is made and all inferences that reasonably can be drawn therefrom, and requires that the evidence be interpreted most strongly against the moving party, and in the light most favorable to the opposing party. *Moses v. Department of Labor & Industries,* 44 Wn. (2d) 511, 514, 268 P. (2d)

665 (1954), and case cited; *Fink v. Dixon,* 46 Wn. (2d) 794, 796, 285 P. (2d) 557 (1955), and cases cited.

In appellant's briefs and in oral argument, he sought only medical treatment for aggravation.

The following elements are necessary to establish the right to further medical treatment based upon aggravation:

■ (1) The causal relationship between the injury and the subsequent disability must be established by medical testimony. *Cyr v. Department of Labor & Industries,* 47 Wn. (2d) 92, 95, 286 P. (2d) 1038 (1955), and case cited. (2) The claimant must prove by medical testimony, some of it based upon objective symptoms, that an aggravation of the injury resulted in increased disability. *Moses v. Department of Labor & Industries, supra,* p. 517, and cases cited. (3) A claimant's medical testimony must show that the increased aggravation occurred between the terminal dates of the aggravation period. *Moses v. Department of Labor & Industries, supra,* p. 517, and cases cited. (4) A claimant must prove by medical testimony, some of it based upon objective symptoms which existed on or prior to the closing date (in this case, after the first closing date and before the second closing date), that his disability on the date of the closing order was greater than the supervisor found it to be. *Hyde v. Department of Labor & Industries,* 46 Wn. (2d) 31, 34, 278 P. (2d) 390 (1955), and case cited.

■ To prove objective symptoms, the claimant is required to produce medical evidence that the objective symptoms either existed prior to the closing date (or within a reasonable time thereafter) or left their record in or on the claimant's body on or prior to the closing date. *Hyde v. Department of Labor & Industries, supra,* p. 34, and cases cited.

The only medical proof favorable to the appellant was the testimony of his attending physician. The doctor testified (1) that the aggravation was related to the industrial injury of July 25, 1951; (2) that the disability increased between the terminal dates, and (3) that he had observed some objective symptoms (upon which he apparently based his opinion). His testimony does not indicate *when* the ob-

jective symptoms were observed, or whether they existed on or before the closing date.

Since the doctor had examined the appellant *before* the first closing date and *after* the second closing date, as well as during the aggravation period, we cannot assume, from his testimony, that the objective symptoms were observed between November 8, 1951, and October 9, 1953. Objective symptoms observed before the first closing date (November 8, 1951) relate to his condition at that time. A claim based upon such condition could only be preserved by an appeal from the first closing order. If the objective symptoms were observed after the second closing date (October 9, 1953), we cannot determine, from the evidence, whether they were observed within a reasonable time thereafter.

The appellant had the burden of proving the essential elements of his claim. The record fails to establish when the objective symptoms were observed.

Admitting the truth of appellant's evidence and all inferences that reasonably can be drawn therefrom, and interpreting the evidence most strongly against the respondents and in the light most favorable to the appellant, do not permit the court to supply an essential element. In this case, the appellant failed to prove that the objective symptoms, upon which the doctor based his opinion, were observed between the terminal dates of November 8, 1951, and October 9, 1953, or within a reasonable time thereafter.

The judgment appealed from is affirmed.

HAMLEY, C. J., SCHWELLENBACH, HILL, and FINLEY, JJ., concur.

September 28, 1956. Petition for rehearing denied.