[No. 37186.    Department Two.    January 28, 1965.]

Roy T. Naillon, *Respondent,* v. The Department of Labor and Industries, *Appellant.*[*]

*The Attorney General* and *Andrew J. Young, Assistant,* for appellant.

*James E. McIver* (of *Walthew, Warner & Keefe*), for respondent.

Shorett, J.[†]—Respondent was injured on November 15, 1949, in an industrial accident and was awarded certain permanent partial disability benefits on July 30, 1951. Claiming aggravation between July 30, 1951, and February 3, 1959, the respondent petitioned the Department of Labor

[*]Reported in 398 P. (2d) 713.

[†]Judge Shorett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

and Industries to reopen his claim. The department and, subsequently, the Board of Industrial Insurance Appeals found no increase in respondent's permanent disability between the terminal dates and denied the petition.

Upon appeal to the superior court, a verdict of permanent and total disability was returned by the jury and judgment entered accordingly. The department appeals.

The department assigns error upon the trial court's actions in (1) directing the jury to find that there had been an increase of permanent disability between the terminal dates; (2) striking the testimony of Dr. Alfred R. Kessler; and (3) submitting to the jury the issue of permanent total disability.

The essentials to sustain respondent's position are stated in *Phillips v. Department of Labor & Industries,* 49 Wn. (2d) 195, 197, 298 P. (2d) 1117:

"(1) The causal relationship between the injury and the subsequent disability must be established by medical testimony. *Cyr v. Department of Labor & Industries,* 47 Wn. (2d) 92, 95, 286 P. (2d) 1038 (1955), and case cited. (2) The claimant must prove by medical testimony, some of it based upon objective symptoms, that an aggravation of the injury resulted in increased disability. *Moses v. Department of Labor & Industries, supra* [44 Wn. (2d) 511, 268 P. (2d) 665 (1954)], p. 517, and cases cited. (3) A claimant's medical testimony must show that the increased aggravation occurred between the terminal dates of the aggravation period. *Moses v. Department of Labor & Industries, supra,* p. 517, and cases cited. (4) A claimant must prove by medical testimony, some of it based upon objective symptoms which existed on or prior to the closing date (in this case, after the first closing date and before the second closing date), that his disability on the date of the closing order was greater than the supervisor found it to be. *Hyde v. Department of Labor & Industries,* 46 Wn. (2d) 31, 34, 278 P. (2d) 390 (1955), and case cited."

Most of the medical testimony indicated that, as a result of the industrial injury, respondent had a post traumatic calcification of the capsular ligament in the left hip for which he had not been compensated. The department

presented medical testimony that this condition caused no disability. The respondent presented contrary medical evidence. Since disability and not calcification was the issue (RCW 51.32.060 and 080; *Hyde v. Department of Labor & Industries,* 46 Wn. (2d) 31, 278 P. (2d) 390), the trial court should not have instructed that there was aggravation as a matter of law.

Next, Dr. Kessler, who examined respondent on or about the second terminal date, testified that respondent probably could, at that time "do lighter type of work" and "I am no expert on work, but all I can say is the findings this man displayed he could do any type of moderate type of work."

This testimony was relevant on the issue of the extent of respondent's disability on the last terminal date. The trial court erred in striking this testimony.

The last assignment of error relates to the action of the trial judge in submitting the issue of permanent total disability to the jury. One of the medical witnesses testified that the respondent was unable to engage in gainful employment because his education was insufficient and his work experience was entirely at hard labor. There was, of course, testimony to the contrary, but we think that this medical testimony presented an issue to the jury under *Kuhnle v. Department of Labor & Industries,* 12 Wn. (2d) 191, 120 P. (2d) 1003, and *Page v. Department of Labor & Industries,* 52 Wn. (2d) 706, 328 P. (2d) 663.

The judgment is reversed and the cause remanded for new trial in accordance with the views expressed herein.

DONWORTH, FINLEY, WEAVER, and OTT, JJ., concur.