[No. 1328-3.    Division Three.    October 7, 1975.]

WILLIAM D. QUINE, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*George W. Young,* for appellant.

*Slade Gorton, Attorney General,* and *Dinah C. Pomeroy, Assistant; Michael E. Donohue* and *Smith, Donohue & Compau,* for respondent.

PER CURIAM.—The claim of William D. Quine was closed on September 23, 1970, with a permanent partial disability award of 45 percent of the maximum allowable for unspecified disabilities. On September 17, 1971, claimant's application to reopen was denied. Ultimately, the Board of Industrial Insurance Appeals denied claimant's petition for review and the trial court entered an order sustaining the board's order. Claimant appeals.

■ A claimant is entitled to readjustment of an original disability award only upon a showing of aggravation of the claimant's condition. RCW 51.32.160. The burden of proof is upon the claimant to establish aggravation of his disability between the date on which his claim was closed (in this case September 23, 1970) and the date his application to reopen was denied (in this case September 17, 1971). *Karniss v. Department of Labor & Indus.,* 39 Wn.2d 898, 239 P.2d 555 (1952). In order to establish aggravation "he must produce medical evidence to that effect based, at least in part, upon objective findings of a physician." *Dinnis v. Department of Labor & Indus.,* 67 Wn.2d 654, 656, 409 P.2d 477 (1965); *Moses v. Department of Labor & Indus.,* 44 Wn.2d 511, 268 P.2d 665 (1954); *Phillips v. Department of Labor & Indus.,* 49 Wn.2d 195, 298 P.2d 1117 (1956); *Naillon v. Department of Labor & Indus.,* 65 Wn.2d 544, 398 P.2d 713 (1965). In this case, the claimant has failed to meet the required burden of proof.

The claimant's own physician, Dr. James P. Dunlap, testified:

Q Now, in the light of the fact that the man tried to earn a living at light labor and has been unable to find any light labor, or all of his attempts have proved to be abortive, would that not indicate that his injury, insofar as it affects him, was more severe than what you contemplated at the time you rated him at 45 percent?

. . .

A  Well, my opinion as to his medical disability is unchanged. . . .

. . .

Q  And is it not your opinion that your recommended estimate as to an award for permanent partial disability was still the same as of September, 1971, as his physical condition was in September of 1970?

A  Yes.

The department's physician, Dr. James D. Flynn, confirmed this conclusion:

Q  . . . Based upon Dr. Dunlap's physical findings and based upon a comparision of your examination of Mr. Quine conducted on August 13, 1971, do you have an opinion as to whether or not Mr. Quine's condition worsened between the dates of those two examinations?

A  Yes.

Q  What is your opinion?

A  It is my opinion that there had been no aggravation of this condition between those two dates.

There is no medical testimony in the record supporting the claimant's position that his condition deteriorated or became aggravated following the closing of his claim on September 23, 1970.

In essence, claimant's position is that the original award for permanent partial disability was incorrect at the time it was entered; and although no appeal was taken from that order, claimant should now be awarded permanent total disability status without having to show aggravation of his condition. This contention was answered by the court in *Dinnis v. Department of Labor & Indus., supra* at 657:

We start with a determination that the claimant had, on March 23, 1961, a disability to the extent of 50 per cent of the maximum allowable for unspecified permanent partial disability for which he has been compensated. If his present contention concerning total disability is correct, he was totally disabled on March 23, 1961, and should have appealed from the order of that date establishing the extent of disability at 50 per cent of the maximum allowed for unspecified permanent partial disability.

However, he did not; and it is now res judicata as to his condition on that date. [Citing cases.]

To prevail here, an aggravation of his condition on that date must be shown. The claimant cites certain cases to the court, but none of them supports the proposition that in a case such as this we can dispense with proof of aggravation.

In the instant case, no appeal has been taken from the order awarding claimant 45 percent of the maximum allowable for unspecified disabilities. There being no proof of aggravation subsequent to the date claimant's claim was closed, that order is res judicata and his application to reopen was properly denied.

Affirmed.

Petition for rehearing denied November 12, 1975.