FILED
COURT OF APPEALS
DIVISION II

2015 APR 14 AM 9: 53

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| NATHAN M. COOPER,<br><br>                       Appellant,<br><br>    v.<br><br>STATE OF WASHINGTON DEPARTMENT<br>OF LABOR AND INDUSTRIES,<br><br>                      Respondent. | No. 45793-8-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Nathan Cooper appeals a judgment affirming an order of the Board of Industrial Insurance Appeals denying his application to reopen his claim for worker's compensation benefits. He argues that (1) the trial court erred by not giving Cooper's requested jury instruction on preexisting conditions affecting an industrial injury, and (2) the trial court erred by awarding to the Department of Labor & Industries the cost of a perpetuation deposition. We disagree and affirm the judgment.

## FACTS

Nathan Cooper worked for many years in the kitchen of a country club. In 2006, he slipped and fell on a wet floor at work, injuring his back. He did not file a worker's compensation claim with the Department of Labor & Industries (Department) for that injury. He had surgery in September of 2006 to fuse his lower lumbar spine. By January of 2007, Cooper was well enough to return to work to a limited extent.

On March 1, 2007, a large metal cutting board fell off a counter in the country club kitchen, striking Cooper in the back of the knees. Cooper fell backwards, hurting his lower back. Cooper filed a claim with the Department for this injury, which claim the Department approved.

The Department closed Cooper's worker's compensation claim on January 22, 2008, with a preexisting category 3 impairment.[1] Cooper returned to work in January of 2008, and continued to work until April of 2010, during which time he resumed his full work duties. On April 22, 2010, Cooper reported bending over at work and feeling something "snap" in his lower lumbar spine. Dep. of Fossier at 21.[2] Cooper filed a claim to reopen his previous worker's compensation claim stemming from the 2007 injury, and the Department denied the request.

Cooper appealed, and the Department affirmed its order denying Cooper's application to reopen the claim. Cooper then appealed to the Board of Industrial Insurance Appeals (Board), and the Board granted review. The Board's review sought to establish whether Cooper's back condition proximately caused by the 2007 injury had objectively worsened between the January 22, 2008 closure of his claim, and the July 7, 2011 order denying his application to reopen that claim.[3]

---

[1] "Category 3" refers to a classification of the amount of Cooper's disability under the Industrial Insurance Act regulations. *See* WAC 296-20-680.

[2] The appellant submitted one volume containing the certified board record, transcripts of testimony and depositions, and other documents. We cite to each separately.

[3] Under the Industrial Insurance Act, a worker is eligible for worker's compensation where there is evidence of objective worsening of a condition proximately caused by an industrial injury, as shown by a comparison between the two dates relevant to this question. *Phillips v. Dep't of Labor & Indus.*, 49 Wn.2d 195, 197, 298 P.2d 1117 (1956). These dates are known as the "terminal dates." In this case, January 22, 2008 and July 7, 2011 are the terminal dates. *Phillips*, 49 Wn.2d at 197.

Evidence before the Board consisted of testimony from Cooper, a deposition from Cooper's examining physician Dr. Gritzka, and a perpetuation deposition from the Department's examining physician Dr. Fossier. Cooper testified that his back condition had worsened slowly after the claim closure. He testified that the pain was worse on some days than others, but did not provide other details about the worsening.

Dr. Gritzka, who examined Cooper in October of 2011, testified that Cooper's condition had "probably worsened" between the terminal dates of January 22, 2008 and July 7, 2011. Dep. of Gritzka at 39. Dr. Gritzka objectively found that Cooper had fixed muscle spasms, swelling along the lumbar spine near the site of his 2006 spinal fusion, and deformity in his vertebrae. But Dr. Gritzka did not testify about any dates relevant to these conditions. Dr. Gritzka had not examined Cooper before 2011, and did not testify about Cooper's condition in 2007 (after the industrial injury), 2008 (after the claim closure), or 2010 (after the most recent reported injury). Dr. Gritzka rated Cooper's impairment a category 3.

By contrast, the Department's medical examiner, Dr. Fossier, testified that Cooper's condition had not objectively worsened between the terminal dates. Dr. Fossier had examined Cooper on October 11, 2010. Dr. Fossier also reviewed Cooper's previous x-rays and medical records. He testified that Cooper's back condition could be expected to worsen slowly over time due to his 2006 spinal fusion. Dr. Fossier compared x-rays of Cooper's back from March 2007 and April 2009, which revealed some worsening which "would be expected just because of age, change, the passage of time." Dep. of Fossier at 14. Dr. Fossier also reviewed an independent medical examination from January of 2008 (just prior to the claim closure), which revealed "no increase" in impairment since the 2007 injury. Dep. of Fossier at 18. That independent medical

examination concluded that the 2007 injury "caused only temporary aggravation of [Cooper's] condition." Dep. of Fossier at 18. The independent examination physician rated Cooper's impairment as a category 3. During Dr. Fossier's examination of Cooper, Cooper reported pain and very limited range of motion. Cooper reported pain in response to some of Dr. Fossier's tests that should not have been painful, indicating a psychological, not a physical, reaction. Based on this examination and his review of the previous examinations, Dr. Fossier concluded that Cooper's condition had not objectively worsened. He categorized Cooper's impairment at a category 3.

The Board denied Cooper's appeal, and made findings of fact. It found no objective worsening between the terminal dates. It found, "Neither the sole lay witness (Mr. Cooper), nor the lone medical witness (Dr. Gritzka), tied their generalized discussions of worsening to the terminal dates as required by law." Certified Bd. R. (CBR) at 22. The Board found that many of Dr. Gritzka's diagnoses predated the 2007 injury. The Board therefore found that, even if Cooper's condition had worsened, it was not caused by the 2007 injury and did not warrant reopening that claim. The Board concluded that Dr. Fossier's testimony was "substantially better founded and more clearly and persuasively presented" than Dr. Gritzka's testimony. CBR at 31.

Cooper petitioned for review of this decision, which the Board denied. Cooper appealed to the superior court. The superior court conducted a jury trial. Cooper proposed a jury instruction reading:

> If an industrial injury lights up, or makes disabling, a latent or preexisting infirmity, or weakened condition, then the resulting disability is to be attributed to the industrial injury. If the industrial injury is a proximate cause of the condition

from which the worker suffers, then the previous physical or mental condition of the worker is immaterial, and the industrial injury is considered to be the legal cause of the full disability, regardless of any preexisting or congenital weakness or infirmity.

Clerk's Papers (CP) at 25. The trial court denied Cooper's proposed instruction, finding the "lighting up" instruction inapplicable. The trial court said:

I think introducing the subject of lighting up—especially when I look at the instruction—it hasn't really been discussed by the doctors themselves. And I think that risks more confusion.
        I think—I think the Plaintiff is adequately protected because it is, in essence, an aggravation condition.

Verbatim Report of Proceedings (Nov. 26, 2013) at 22-23. The trial court then mentioned separate jury instructions about aggravation of a symptomatic previous condition, suggesting that these instructions would appropriately inform the jury how to consider Cooper's preexisting condition.

The jury affirmed the Board's finding.[4] The trial court then entered judgment against Cooper for costs, including $303 for the transcription fee for Dr. Fossier's perpetuation deposition taken pursuant to WAC 263-12-117. Cooper appeals.

ANALYSIS

I. JURY INSTRUCTION

Cooper argues that the trial court erred by declining to give his proposed "lighting up" instruction. We disagree, because no evidence supported the instruction.

---

[4] The jury responded affirmatively to the following question:
        Was the Board of Industrial Insurance Appeals correct in deciding that between January 22, 2008 and July 7, 2011, Nathan M. Cooper's condition proximately caused by the March 1, 2007 industrial injury did not objectively worsen?
CP at 61.

No. 45793-8-II

### A.  *Standard of Review*

Jury instructions are proper if they adequately state the law, do not mislead the jury, and allow each party to argue its theory of the case. *Boeing Co. v. Key*, 101 Wn. App. 629, 633, 5 P.3d 16 (2000). A party is entitled to a jury instruction only if it has offered substantial evidence to support the instruction. *Stiley v. Block*, 130 Wn.2d 486, 498, 925 P.2d 194 (1996). We review a trial court's decision to give a jury instruction for an abuse of discretion. *Boeing Co. v. Harker-Lott*, 93 Wn. App. 181, 186, 968 P.2d 14 (1998). A trial court abuses its discretion if its decision was manifestly unreasonable, or if its discretion was exercised on untenable grounds or for untenable reasons. *Boeing*, 93 Wn. App. at 186. In general, we construe the industrial insurance statute liberally in favor of the worker. *Ehman v. Dep't of Labor & Indus.*, 33 Wn.2d 584, 595, 206 P.2d 787 (1949). But, where factual sufficiency is at issue, we do not construe the statute liberally. 33 Wn.2d at 595.

### B.  *No Abuse of Discretion*

If an industrial injury "lights up" a latent preexisting condition, then the worker may be eligible for worker's compensation. *Oien v. Dep't of Labor & Indus.*, 74 Wn. App. 566, 569, 874 P.2d 876 (1994); *Wendt v. Dep't of Labor & Indus.*, 18 Wn. App. 674, 676, 571 P.2d 229 (1977). To succeed in a reopening claim such as Cooper's, the plaintiff has to prove, by objective medical testimony, that (1) his condition was worse after the original injury, (2) the worsening was caused by the original injury, (3) his condition worsened between the terminal dates, and (4) the worsening warranted more treatment or disability beyond what the Department had provided. *Phillips v. Dep't of Labor and Indus.*, 49 Wn.2d 195, 197, 298 P.2d 1117 (1956).

6

At issue here was the third factor: whether Cooper's condition objectively worsened between the terminal dates of January 22, 2008 and July 7, 2011.

A claimant is entitled to a "lighting up" jury instruction where the evidence supports that (1) the preexisting condition was *latent*, not symptomatic, and (2) the industrial injury proximately caused the current disability, regardless of a preexisting condition. *Miller v. Dep't of Labor & Indus.*, 200 Wn. 674, 682, 94 P.2d 764 (1939); *Phillips*, 49 Wn. 2d at 197.

Here, Cooper failed to present evidence supporting the proposed instruction. Instead, evidence showed that Cooper was symptomatic before the 2007 injury, proving that the 2007 injury did not "light up" an asymptomatic condition.

Cooper's back problems began by 2006 when he slipped on the floor and hurt his back. Both doctors testified that Cooper's spinal fusion surgery in 2006 would cause Cooper's pain and flexibility to worsen over time. Thus, the evidence showed that Cooper had a preexisting spinal fusion that was expected to worsen his back condition over time. This demonstrates that his existing back problem was symptomatic before his 2007 injury. Cooper failed to present any evidence that his back problem was even temporarily asymptomatic, and therefore the trial court properly rejected the instruction. *Wendt*, 18 Wn. App. at 676.

Furthermore, Cooper's reliance on cases approving instructions similar to his own is misplaced. He argues that his proposed instruction was proper because the Court of Appeals approved nearly identical instructions in *Simpson Timber Co. v. Wentworth*, 96 Wn. App. 731, 981 P.2d 878 (1999) and *Wendt*, 18 Wn. App. at 676. But these cases hold that such an instruction is proper *when the evidence supports it*; these cases do not hold that such an instruction is always appropriate as a matter of law.

Cooper argues that the jury *could* have found that the spinal fusion "was a pre-existing infirmity or weakened condition acting upon the industrial injury of March 1, 2007, and had worsened following claim closure on January 28, 2008." Br. of Appellant at 12. But this argument does not support the giving of a "lighting up" instruction where substantial evidence does not support one.

The trial court did not abuse its discretion by refusing to give Cooper's proposed instruction because Cooper failed to present evidence that his condition was asymptomatic.

## II. Deposition Costs

Cooper argues that the trial court erred by awarding the Department its transcription costs for Dr. Fossier's perpetuation deposition. We affirm.

A. *Standard of Review*

We review a challenge to the trial court's authority to award attorney fees or costs de novo as question of law. *Tradewell Group, Inc. v. Mavis*, 71 Wn. App. 120, 126-27, 857 P.2d 1053 (1993). Similarly, we review issues of statutory interpretation de novo. *Erakovic v. Dep't of Labor & Indus.*, 132 Wn. App. 762, 768, 134 P.3d 234 (2006). First, we attempt to determine legislative intent by examining the statute's plain language. *Erakovic*, 132 Wn. App. at 768. Only if the plain language is ambiguous do we proceed to consider other sources of statutory interpretation, such as legislative history. 132 Wn. App. at 768. We avoid interpreting a statute in such a way as to create an absurd result. 132 Wn. App. at 768.

B. *No Error in Awarding Costs*

Cooper argues that the statute providing for an award of deposition costs does not apply to situations where, as here, the superior court exerts its appellate jurisdiction. He argues that

deposition costs are available only where the deposition was taken for the superior court in its general jurisdiction. He also argues that the Washington Administrative Code demonstrates that the party taking a perpetuation deposition under the Industrial Insurance Act always bears its own costs. We disagree, because the plain language of the statute makes clear that costs are available for depositions used in any action in the superior court, and the Washington Administrative Code does not limit the superior court's authority to award costs.

1. *Plain Language Analysis: Appellate Jurisdiction of Superior Court Irrelevant*

Chapter 4.84 RCW provides the statutory basis for awarding costs in a superior court action. The chapter applies to and governs "all civil actions and proceedings, both legal and equitable, and all criminal causes, in the superior courts." RCW 4.80.140. RCW 4.84.030 provides, in pertinent part:

> In *any action in the superior court* of Washington the prevailing party shall be entitled to his or her costs and disbursements." (Emphasis added). RCW 4.84.010 provides, in pertinent part: "[T]here shall be allowed to the prevailing party upon the judgment certain sums for the prevailing party's expenses *in the action*, which allowances are termed costs, including, in addition to costs otherwise authorized by law, the following expenses . . . .
> (7) To the extent that the court or arbitrator finds that it was necessary to achieve the successful result, the reasonable expense of the transcription of depositions *used* at trial.

(Emphasis added). Chapter 4.84 RCW applies to appeals in the superior court from the Board of Industrial Appeals. *Black v. Dep't of Labor & Indus.*, 131 Wn.2d 547, 557, 933 P.2d 1025 (1997).

Cooper argues that chapter 4.84 RCW applies only when the superior court invokes its general jurisdiction, not where it sits as an appellate court reviewing the Board's decision. He argues that the superior court could not order the parties to generate depositions, because the

9

superior court's record was limited to the Board's record. Therefore, he concludes that the superior court could not award deposition costs, because it could not order new depositions. But previous cases have determined that chapter 4.84 RCW does apply to appeals in the superior court from the Board. *Black*, 131 Wn.2d at 557. And Cooper fails to demonstrate that RCW 4.84.030 and 4.84.010 are ambiguous. The statutes provide that in *any* action in the superior court wherein depositions are *used* at trial, the Superior Court shall grant the prevailing party his or her costs, including reasonable costs for depositions. This language is not ambiguous, and therefore we apply the statutes as written. *Erakovic*, 132 Wn. App. at 768. The plain language of chapter 4.84 RCW allowed the trial court to award deposition costs to the Department.

2. *WAC 263-12-117 Does Not Supersede RCW 4.84.010*

Cooper argues that WAC 263-12-117, which governs perpetuation depositions in the Industrial Insurance Act, requires parties to bear their own deposition costs, and therefore the trial court erred by awarding deposition costs here. We disagree.

Provisions outside chapter 4.84 RCW, including the superior court rules and Washington Administrative Code, govern how depositions are to be taken and used. Former WAC 263-12-117 (2010)[5] provided that the industrial appeals judge "may permit or require the perpetuation of testimony by deposition." The code further provided that "[e]ach party shall bear its own costs except when the industrial appeals judge allocates costs to parties or their representatives." Former WAC 263-12-117(2). CR 32 governs the use of depositions in superior court, and is

---

[5] We analyze the former version because it was in effect during Cooper's trial.

silent as to costs. It provides that the superior court may use depositions in certain limited circumstances, none of which were applicable here.

Cooper argues that because CR 32 does not allow the superior court to use depositions in circumstances such as these, the deposition fell exclusively under the legal framework of the Board of Industrial Insurance Appeals. He asserts that, because CR 32 did not authorize the superior court to take or use the deposition at issue here, that *only* the rules applicable to the Board—including the rule of WAC 263-12-117(2) that parties bear their own costs in perpetuation depositions before the Board—applied to this case.

We disagree, because Cooper fails to demonstrate that WAC 263-12-117 controls the allocation of costs in a trial before the superior court. As explained above, the plain language of chapter 4.84 RCW provides that the prevailing party is entitled to costs, including deposition costs, in *any* action in the superior court when depositions were *used.* RCW 4.84.030; RCW 4.84.010. Neither of these provisions includes an exception for perpetuation depositions under the Industrial Insurance Act. Nor does the WAC provision provide that, even if the deposition is later *used* in an *action* in the superior court, its cost provision overrides chapter 4.84 RCW.

Therefore, Cooper has failed to demonstrate that the plain language of chapter 4.84 RCW, allowing deposition costs to the prevailing party, does not control the outcome here.

No. 45793-8-II

Therefore, we affirm the trial court's award of costs, including the deposition costs, to the Department.[6]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Sutton, J.

---

[6] As a final matter, in his reply brief, Cooper argues that the Department's brief improperly includes argument in the statement of the case, and requests that we strike the portion beginning at "page 7 . . . first paragraph, last three sentences, through page 8, first paragraph, except for the first and last sentence," as violating RAP 10.3(a)(5). Reply Br. of Appellant at 2. This rule requires that the statement of the case be "[a] fair statement of the facts and procedure relevant to the issues presented for review, without argument." RAP 10.3(a)(5). We confine our review of the Department's argument as those articulated in its argument section.

12