IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

AUTUMN L. MATTO,                          )   No. 73717-1-I
                                          )
            Respondent,                   )
                                          )
      v.                                  )
                                          )
HAGGEN, INC.,                             )
                                          )
            Appellant,                    )
                                          )
WASHINGTON STATE DEPARTMENT )                 UNPUBLISHED OPINION
OF LABOR & INDUSTRIES,                    )
                                          )   FILED: April 18, 2016
            Respondent.                   )
_____)

VERELLEN, C.J. — In this industrial insurance appeal, the superior court found

Autumn Matto's low back condition proximately caused by her work injury objectively

worsened from March 2009 to April 2013. Matto's former employer, Haggen, Inc.,

appeals, challenging the sufficiency of the evidence supporting the superior court's

findings. Because substantial evidence in the record supports the superior court's

findings that in turn support its conclusions, we affirm.

FACTS

Matto worked in the deli at Haggen for several years. In September 2008, Matto

injured her low back at work when she bent over to pick up a box of cucumbers. She

heard a crunch and felt a sharp pinch in her low back. Matto saw her attending

physician, Dr. Stephen Aldrich, for treatment.

Dr. Aldrich examined Matto's low back and ordered a magnetic resonance imaging (MRI) test. The MRI revealed Matto had degenerative disc disease at the L5-S1 disc level of her low back. Dr. Aldrich prescribed Matto ibuprofen and referred her to physical therapy. Matto then filed an application for benefits with the Department of Labor and Industries.

Matto progressed in treatment and returned to work full time in November 2008. In December 2008, Matto quit Haggen and a few months later moved to Florida. In March 2009, the Department closed Matto's claim for her work injury with no present disability award. At that time, Matto's low back hurt only if she "overdid it."[1]

In July 2012, Matto moved back to Washington. She applied to reopen her claim with the Department due to an aggravation of her work injury. Matto resumed treatment with Dr. Aldrich.

The Department denied Matto's application to reopen her claim, concluding the condition caused by her industrial injury had not objectively worsened. Matto sought reconsideration. The Department affirmed the denial of reopening Matto's claim.

Matto petitioned for review before the Board of Industrial Insurance Appeals. The parties relied upon the deposition testimony of several medical experts. Dr. Aldrich testified that Matto's low back condition caused by her industrial injury had objectively worsened between March 2009, the date the claim closed, and April 2013, the date the Department denied reopening of the claim. He noted specific objective reduced disc heights at her L4-5 and L5-S1 levels. He found a causal relationship between the work injury and the degeneration of her lower back.

---

[1] Clerk's Papers (CP) at 129.

Two independent physicians, Dr. William Stump and Dr. Gerald Seligman, evaluated and examined Matto. They testified that the worsening of Matto's low back condition from March 2009 to April 2013 was caused by the progression of her degenerative disc disease and natural aging.

An industrial appeals judge issued a detailed proposed decision and order. The proposed decision and order reversed the Department's order denying the reopening of Matto's claim for permanent partial disability benefits. Haggen petitioned for review. The Board of Industrial Insurance Appeals affirmed the Department's order, concluding Matto's condition proximately caused by the work injury did not objectively worsen from March 2009 to April 2013.

Matto appealed to the superior court. After a bench trial, the superior court issued its letter ruling reversing the Board's decision and order. The court then entered findings of fact, conclusions of law, and judgment. The court found:

> 2. On March 4, 2009, Ms. Matto's objective findings proximately caused by the industrial injury were the findings on imaging studies which revealed degenerative disc disease at the L5-S1.
>
> 3. On April 5, 2013, Ms. Matto's objective findings proximately caused by the industrial injury were the progression of the findings on imaging studies that revealed an increase in the degenerative disc disease of the L4-5 and L5-S1 levels of her low back.
>
> 4. Mr. Matto's condition proximately caused by the industrial injury objectively worsened from March 4, 2009 and April 5, 2013.[2]

The court concluded that "[b]etween March 4, 2009 and April 5, 2013, Ms. Matto's condition proximately caused by the industrial injury objectively worsened within the meaning of RCW 51.32.160."[3]

---

[2] CP at 356.

3

Haggen appeals the superior court's judgment.

ANALYSIS

Haggen challenges the superior court's findings and conclusions, contending Matto's condition proximately caused by her work injury did not objectively worsen from March 2009 to April 2013. We disagree.

We review a superior court's decision in this context under the usual civil standards.[4] We review the court's findings of fact for substantial evidence.[5] We review de novo whether the findings in turn support the court's conclusions.[6] Substantial evidence is evidence "sufficient to persuade a rational fair-minded person the premise is true."[7] We do not reweigh competing testimony and inferences.[8] We view the record and all reasonable inferences in the light most favorable to the prevailing party.[9]

A worker may have a claim reopened for aggravation of a condition caused by a work injury.[10] Establishing aggravation requires medical testimony that objective symptoms show a causal relationship between the injury and increased disability after

---

[3] CP at 357.

[4] RCW 51.52.140; Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 180-81, 210 P.3d 355 (2009); Malang v. Dep't of Labor and Indus., 139 Wn. App. 677, 683, 162 P.3d 450 (2007).

[5] Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999).

[6] Rogers, 151 Wn. App. at 180.

[7] Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003).

[8] Fox v. Dep't of Ret. Sys., 154 Wn. App. 517, 527, 225 P.3d 1018 (2009).

[9] Zavala v. Twin City Foods, 185 Wn. App. 838, 859, 343 P.3d 761 (2015).

[10] RCW 51.32.160; Eastwood v. Dep't of Labor & Indus., 152 Wn. App. 652, 656, 219 P.3d 711 (2009).

the claim closure.[11] A trier of fact in this context should give special consideration to an attending physician's opinion.[12]

Dr. Aldrich testified that Matto's work injury "was a material contributor to her current disability"[13] and that the work injury "likely contributed to" the acceleration of her preexisting degenerative disc disease.[14]

> [O]n a more probable than not basis I think she is significantly more disabled simply because of the restrictions of pain preventing her from pursuing some activities that would be a normal part of daily living. So I think her disability is progressing just as her objective evidence of the spinal deterioration has progressed.[15]

Although Dr. Aldrich testified it was difficult to determine if Matto's L4-5 disc level degeneration was caused by the work injury, he did conclude that her work injury contributed to her L4-5 disc issues:

> Given that she had very little evidence of previous dis[c] deteriorative changes at L4-5 prior to the injury or right after the injury's imaging studies, I have to conclude that the stress is occurring because of her lifting up those . . . cucumbers in all cases probably strained that area or delivered some pressure stress to the area that may very well have accelerated an underlying degenerative process that was at the time not symptomatic and most of her symptoms were really around the already declining . . . L5-S1 dis[c]. So I don't think you can rule out that *that injury had some contributing factors as far as the L4-5 dis[c] is concerned*.[16]

He testified that Matto's condition at her L4-5 and L5-S1 disc levels proximately caused by her work injury worsened from March 2009 to April 2013. For example, when

---

[11] Phillips v. Dep't of Labor & Indus., 49 Wn.2d 195, 197, 298 P.2d 1117 (1956).

[12] Zavala, 185 Wn. App. at 867.

[13] CP at 220.

[14] CP at 207.

[15] CP at 197.

[16] CP at 221 (emphasis added).

Dr. Aldrich compared Matto's x-rays from July 2012, he found a loss of L5-S1 disc height from 1.11 centimeters in 2007 to .066 centimeters in 2012 and a loss of L4-5 disc height from 1.47 centimeters in 2007 to 1.15 centimeters in 2012. Matto "definitely had objective evidence of worsening" and "narrowing" of her L4-5 and L5-S1 disc levels,[17] and the "significant roots of this symptom" arose from her work injury.[18]

Therefore, viewing the evidence in the light most favorable to Matto, we conclude substantial evidence in the record supports the superior court's findings, which in turn support its conclusion that Matto's condition proximately caused by the work injury objectively worsened from March 2009 to April 2013.

On appeal, Haggen asserts Dr. Aldrich's testimony should not be given "greater weight or credibility."[19] This is so, according to Haggen, because its physicians are more credible. Haggen effectively asks us to reweigh the evidence and to make credibility determinations. We do neither.[20]

Contrary to Haggen's contention, the superior court here did not improperly rely on the industrial appeals judge's proposed decision and order. The superior court's letter ruling mentions the proposed decision and order in passing only to note the significance of the attending physician's opinion. The record does not suggest the superior court deferred to the industrial appeals judge or put "greater weight" on the proposed decision and order solely by virtue of its length.

---

[17] CP at 192.

[18] CP at 194.

[19] Appellant's Br. at 20.

[20] Raum v. City of Bellevue, 171 Wn. App. 124, 151, 286 P.3d 695 (2012).

## CONCLUSION

Substantial evidence in the record supports the superior court's findings that in turn supports its conclusion that Matto's condition proximately caused by her work injury objectively worsened from March 2009 to April 2013. Therefore, we affirm the superior court's judgment.

WE CONCUR:

Verellen, C.J.

_____

Cox, J.

Becker, J.