IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NORMA J. STEIN, | ) | No. 79680-1-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CRANE COMPANY/ELDEC | ) | |
| CORPORATION, DEPARTMENT OF | ) | |
| LABOR AND INDUSTRIES OF THE | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | FILED: December 30, 2019 |

HAZELRIGG-HERNANDEZ, J. — Norma J. Stein appeals the superior court's denial of her claim for benefits based on permanent total disability. The superior court found Stein was not totally permanently disabled and was capable of employment. Stein argues that the superior court erred in finding that her occupational injury did not worsen or become aggravated within the meaning of RCW 51.32. She also challenges the deposition costs awarded to the Crane Company under RCW 4.84.010. Because Stein failed to put on any medical evidence to demonstrate aggravation and substantial evidence supports the superior court's findings, we affirm.

## FACTS

Norma Stein filed two worker compensation claims in 2007 that arose out of repetitive use injuries at work. One claim was for a right thumb injury and the

other a left shoulder injury. The right thumb claim was closed by the Department of Labor and Industries (L&I) in 2014 with a permanent partial disability award of 24 percent.

This appeal is focused on the left shoulder claim which was based on an injury caused by repetitive use of a riveter. L&I first closed Stein's left shoulder claim in 2008 with a 10 percent permanent partial disability award. In 2010, L&I approved Stein's request to reopen the claim and she had shoulder surgery. L&I closed the claim a second time in April 30, 2013, and increased the permanent partial disability award to 14 percent.

L&I then approved a second application to reopen Stein's left shoulder claim in 2014 to allow for additional treatment. Stein's treating orthopedic surgeon, Dr. Brian Cameron, ordered a new MRI and contemplated treatment options. Cameron ultimately decided another surgery would not improve Stein's symptoms. In 2015, Cameron ordered another MRI which Stein never completed. L&I closed Stein's shoulder claim a third time on June 10, 2015, without an increase in her disability determination or benefits.

Stein appealed the 2015 closure to the Board of Industrial Insurance Appeals (Board), seeking a finding of permanent total disability. Stein claimed that the combined effects of her right thumb and left shoulder injuries prevented her from working. At a contested evidentiary hearing, Stein's treating physicians testified that they believed she could work. Two other doctors who examined Stein and reviewed her medical records similarly testified that she could work at the time of the 2015 closure. Craig Bock, a vocational rehabilitation counselor, testified

Stein was employable as a parking lot cashier and that a job market existed for such employment. Stein's vocational witness, Anne Harrison, disagreed that Stein was employable as a parking lot cashier. Stein presented no medical testimony that her impairment had worsened since the 2013 closure.[1]

On appeal of the Board's decision, the superior court found that Stein was capable of gainful employment as a parking lot attendant as of the date of the 2015 closure of the claim. The court further found there was no permanent worsening of Stein's condition and concluded that she was not a permanently totally disabled worker. The court awarded deposition transcription costs to the Crane Company (Crane). Stein timely appealed the superior court's decision.

ANALYSIS

I.    Findings of Fact and Substantial Evidence

The standard of review in worker compensation cases is unique from other administrative appeals which often involve the Administrative Procedure Act[2]. This court's "function is to review for sufficient or substantial evidence, taking the record in the light most favorable to the party who prevailed in superior court." Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 180-81, 210 P.3d 355 (2009). As such, we are tasked with ensuring that substantial evidence supports the superior court's

---

[1] After the Industrial Insurance Appeals Judge initially found Stein was able to work and rejected her request for an additional award, Stein then filed a petition for further review to the Board. A majority decision by a three-member panel affirmed the administrative law judge's decision. Stein appealed the Board's decision to the superior court, where a bench trial was held with the court engaging in de novo review.

[2] Chapter 34.05 RCW.

findings and that the conclusions of law flow from those findings. Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999).

A worker has a permanent total disability when the injury causes the worker to be incapable of any gainful employment. RCW 51.08.160. "The definition that has emerged from case law has both a medical aspect—the extent of physical impairment—and an economic aspect—the effect on wage-earning capacity." Adams v. Dep't of Labor & Indus., 128 Wn.2d 224, 230, 905 P.2d 1220 (1995); See also Leeper v. Dep't of Labor & Indus., 123 Wn.2d 803, 810-11, 872 P.2d 507 (1994).

RCW 51.32.160 authorizes reopening of a disability claim and adjustment of benefits in three instances: aggravation, diminution and termination. Stein's current case arose after she submitted a Department of Labor and Industries Application to Reopen Claim Due to Worsening of Condition which she and her treating physician signed. Within the context of L&I law, the terms worsening and aggravation are used interchangeably. In cases like Stein's that involve reopening a closed claim,

> [T]o establish a claim for an increase in [a pension] as a result of the aggravation of a prior industrial injury, the burden is on the claimant to produce medical evidence, some of it based on objective findings, to prove that there has been an aggravation of the injury which resulted in increased disability.

Moses v. Dep't of Labor & Indus., 44 Wn.2d 511, 517, 268 P.2d 665 (1954) (alteration in original). Additionally, the time period in which aggravation occurred is crucial. "[A] claimant must show that the increased aggravation occurred

between the terminal dates of the aggravation period." Id. The terminal dates, or the dates of closure, in Stein's case are September 4, 2014 and June 10, 2015.

Though Stein argues that Dinnis v. Department of Labor & Industries is no longer controlling authority in aggravation cases, this argument fails in light of the total absence of negative treatment of the opinion in the nearly fifty-five years since its publication. 67 Wn.2d 654, 409 P.2d 477 (1965). Dinnis is a Supreme Court case that expressly clarified that a worker must put on medical evidence to prove worsening between the date of the first and second terminal dates. Id. at 656. In Dinnis, the worker claimant was in the same posture as Stein; appealing a subsequent closure of the claim after it had been reopened to allow for treatment. Id. at 655.

Stein challenges the superior court's Findings of Fact #7 and #9 as conclusions of law or mixed statements of law and fact that we should review de novo. Specifically, the court found:

> 7. Norma Stein was capable of working as a parking lot attendant from September 4, 2014 through June 9, 2015, and as of June 10, 2015. She was able to perform and obtain gainful employment on a reasonably continuous basis for September 4, 2014 through June 9, 2015, and as of June 10, 2015.
> . . . .
> 9. As of June 10, 2015, there was no permanent worsening of Ms. Stein's condition proximately caused by the industrial injury, or increase in permanent disability beyond that which existed on April 30, 2013.

The line between a finding of fact, a conclusion of law, or a mixed question of law and fact can be challenging to identify. Leschi Improvement Council v. Wash. State Highway Comm'n, 84 Wn.2d 271, 282-84, 525 P.2d 774 (1974). "If a term carries legal implications, a determination of whether it has been established in a case is

a conclusion of law." Para-Med. Leasing, Inc. v. Hangen, 48 Wn. App 389, 397, 739 P.2d 717 (1987). "A finding, on the other hand, is a determination from the evidence of the case propounded by one party and denied by another." Id. This court treats the findings or conclusions for what they are, not how they are labelled. Stastny v. Bd. of Tr. of Cent. Wash. Univ., 32 Wn. App. 239, 246, 647 P.2d 496 (1982).

We disagree with Stein's assertion that these are mixed questions of law and fact. Both challenged findings are factual determinations by the court after a bench trial where the court weighed the evidence. Substantial evidence supports both findings of fact at issue here. There was testimony from four medical providers and one vocational expert to support Finding #7, with the testimony of only one vocational expert to support a contrary conclusion. With a finding that Stein was able to obtain gainful employment, she could not meet the statutory definition of a totally permanently disabled worker and her claim fails.

As to Finding #9, the evidence only supports a determination that permanent worsening had not occurred due to the complete lack of medical evidence from Stein. Stein did not prove worsening despite initiating reopening and review of her claim by submission of an L&I document titled "Application to Reopen Claim due to Worsening of Condition." This application required input and signature of both the claimant and their medical provider and included a section on the second page that expressly instructed the medical provider to:

> List all the elements of your current medical findings including history, examination, and test results that would support a measurable (objective) worsening of the industrial injury or

occupational disease since claim closure or the last reopening denial. Attach test results and findings.

The application here was completed by Stein and Cameron and the handwritten response to this section on evidence of worsening, presumably completed by Cameron, simply states "see chart notes." Cameron ultimately went on to testify that Stein was able to work. Stein was on notice that she would need to provide this evidence in support of her claim, yet none was presented to show that her injury was aggravated or worsened subsequent to the last reclosure of her claim. Finding #9 is supported by substantial evidence and, like Finding #7, is independently fatal to her claim for total permanent disability.

Stein acknowledged at oral argument that if this court determines that Dinnis is good law, substantial evidence does support the superior court's findings. We decline Stein's invitation to overturn settled precedent. The statute expressly requires a demonstration of aggravation and Dinnis clearly requires medical evidence to establish such. Stein failed to put on any medical evidence of worsening at any point during her claim. Though she expresses surprise, this need for medical evidence of worsening has been required to prove aggravation or worsening for over half a century in Washington. This failure to prove worsening is dispositive, as it is a statutory requirement for Stein to be awarded an increase in her pension and the court's findings are supported by substantial evidence. As such, we affirm the superior court's decision.

II.    Costs

Stein challenges the superior court's award of deposition transcription costs to Crane.  Specifically, Stein bases her argument on Cooper v. Dep't of Labor and Indus., and submits that Crane may not be awarded costs when the depositions were not used at trial. 188 Wn. App. 641, 352 P.3d 189 (2015).  In Cooper, there was a challenge to the authority to grant deposition costs based on whether the superior court was, as here, sitting in its appellate capacity and the court held that such an award was proper under RCW 4.84.010(7). Id. at 650-52.  "We review a challenge to the trial court's authority to award attorney fees or costs de novo as question of law." Id. at 650.  As in Cooper, Stein avers that RCW 4.84.010 is superseded by the Industrial Insurance Act statutes governing litigation costs at the Board and on appeal, specifically RCW 51.52.110, .120 and .130.  However, Cooper expressly held "Chapter 4.84 RCW applies to appeals in the superior court from the Board [of Industrial Insurance Appeals]." Id. at 651 (alteration in original) (citing Black v. Dep't of Labor & Indus., 131 Wn.2d 547, 557, 933 P.2d 1025 (1997)).

Stein argues that Cooper was incorrect on this issue of awarding deposition costs, but offers no authority in support of that position.  She then focuses the force of her challenge on the "used at trial" language in RCW 4.84.010, asserting that the depositions were not introduced as evidence or used for impeachment.  The litigation order signed by the original Administrative Law Judge (ALJ) on the case and provided in the Certified Appeal Board Record indicates that a number of depositions, including those now at issue, were used at that initial proceding.

While RCW 4.84.010(7), the statute authorizing costs for deposition transcripts, expressly limits such awards to those depositions used at trial and references pro rata recovery of only those costs relating to materials which were introduced or used for impeachment at trial, the nature of L&I appeals is somewhat unique.

In an L&I appeal, experts may testify via deposition with the attorneys reading the depositions into the record before a jury; such testimony is evidence used at trial for purposes of the cost recovery statute. The litigation order from the earlier proceedings clearly identifies which witnesses would be testifying in person and others who would be testifying via deposition. Here, the superior court conducted a bench trial and entered orders during the proceedings that affirmatively indicate that the judge reviewed the Certified Appeal Board Record, which, per the ALJ's litigation order, expressly includes the deposition testimony of the employer's experts.[3] The award of deposition transcription costs to Crane by the superior court was proper as the challenged depositions were used at trial and in line with this court's interpretation of RCW 4.84.010(7) in Cooper. Id.

Finally, Stein seeks attorney fees under RCW 51.52.130 and RAP 18.1 if she is successful on appeal. However, Stein is not the prevailing party and we therefore decline her request.

---

[3] Stein's reply brief concedes that "[t]he depositions used in this case were introduced at the Board, and automatically transmitted on appeal by the Board as part of the Certified Appeal Board Record."

No. 79680-1-I/10

Affirmed.

WE CONCUR:

Andrus, J.

- 10 -